IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 12, 2006 Session

## HAL GERBER v. ROBERT R. HOLCOMB

**Appeal from the Chancery Court for Shelby County**
**No.    CH-03-1630, Walter L. Evans, Chancellor**

_____

**No. M2005-02731-COA-R10-CV - Filed on December 27, 2006**

_____

Attorney filed an action against client to collect unpaid installments due under a promissory note. The trial court entered a consent final decree awarding attorney the sum currently due under the note. Attorney filed a second action against client to collect the then unpaid installments due under the same promissory note. Client answered alleging affirmative defenses which attacked the validity of the note and which were not raised in the first proceeding. Attorney filed a motion for summary judgment claiming that client was precluded from asserting the defenses under the doctrine of *res judicata* and collateral estoppel. The trial court denied the motion and attorney filed an extraordinary appeal. We reverse the judgment of the trial court and remand the matter for further proceedings consistent herewith.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Chancery Court Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

David E. Caywood and Lucie K. Brackin, Memphis, Tennessee, for the appellant, Hal Gerber.

Michelle L. Betserai, Memphis, Tennessee, for the appellee, Robert R. Holcomb.

**OPINION**

On August 21, 2000, Dr. Robert Holcomb signed a promissory note payable to Mr. Hal Gerber in the amount of $225,000.00 with interest on the unpaid principle balance at the rate of 8.5 percent per annum, payable in monthly installments of $5,000.00. The note represented the sum due Mr. Gerber for legal services rendered by Mr. Gerber to Dr. Holcomb.

On March 12, 2001, Mr. Gerber filed a suit in Shelby County Chancery Court against Dr. Holcomb in order to collect fourteen unpaid installments currently due under the promissory note. On May 18, 2001, Dr. Holcomb filed a motion to dismiss pursuant to Tennessee Rule of Civil

Procedure 12.06(3) for improper venue. On September 28, 2001, the court entered a consent final decree by which the parties agreed that Dr. Holcomb's motion to dismiss would be denied and a judgment on the past due installment payments under the note would be entered. The consent final decree provided:

> [T]hat the parties announced that Plaintiff may take a judgment for past due installments upon the Note which the Complaint is based each in the amount of Five Thousand ($5,000.00) that fourteen (14) installments past due as of the date of the hearing September 20, 2001.

Therefore, pursuant to the consent final decree, Mr. Gerber was awarded a judgment in the amount of $70,000.00. Mr. Gerber thereafter issued four executions or garnishments and received five payments on the note in the amount of $13,822.82.

On August 22, 2003, Mr. Gerber filed a second complaint against Dr. Holcomb in Shelby County Chancery Court to collect the then past due payments under the promissory note. On February 6, 2004, Dr. Holcomb answered the complaint, admitting that the promissory note represented the sum due Mr. Gerber for legal services rendered but asserting several affirmative defenses which were not raised in the first suit. On July 26, 2005, Mr. Gerber filed a motion for summary judgment, claiming that Dr. Holcomb's affirmative defenses were barred by *res judicata* and collateral estoppel.

After a hearing on October 28, 2006, the trial court found that the language in the consent final decree from the first case did not explicitly foreclose Dr. Holcomb's ability to defend against future payments on the promissory note and therefore, denied Mr. Gerber's motion for summary judgment. On December 6, 2005, Mr. Gerber filed an extraordinary appeal, which the Court granted on February 9, 2006, in order to determine whether Dr. Holcomb's affirmative defenses were barred by the judicial doctrines of *res judicata* and collateral estoppel.

I.

Summary judgment is properly entered in favor of one party when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Tenn.R.Civ.P. 56.04. The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn.1993). Because summary judgment involves only questions of law and no factual disputes, no presumption of correctness attaches to the lower court's decision and the denial of summary judgment shall be reviewed using a pure *de novo* standard. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn.1991).

II.

The sole issue presented for review on appeal concerns whether the final consent decree entered in the first suit filed against Dr. Holcomb on March 12, 2001, foreclosed Dr. Holcomb's ability to assert affirmative defenses in this matter under the doctrines of *res judicata* and collateral estoppel. "Res judicata is a claim preclusion doctrine that promotes finality in litigation." *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn.Ct.App.2003). The judicial doctrine precludes "a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit." *Young*, 130 S.W.3d at 64. In order for the doctrine to apply, "the prior judgment must conclude the rights of the parties on the merits." *Young*, 130 S.W.3d at 64. "Parties asserting a res judicata defense must demonstrate (1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Young*, 130 S.W.3d at 64.

Thus, in order to be entitled to a summary judgment, Mr. Gerber must demonstrate that the undisputed facts support finding that (1) Dr. Holcomb was a party to the earlier proceeding, (2) the two proceedings involve the same cause of action, and (3) the trial court in the earlier proceeding entered a final judgment on the merits against Dr. Holcomb. Dr. Holcomb does not dispute that he was a party to the prior proceeding nor that a final order was entered in the matter, rather, Dr. Holcomb claims that the judgment entered in the first suit was not on the merits. According to Dr. Holcomb, the consent order entered in the first action did not reach the merits of the case and thus, the doctrine of *res judicata* is inapplicable. However, Defendant's contention is not a correct statement of the law.

"Generally, a consent judgment operates as *res adjudicata* to the same extent as a judgment on the merits." *Horne v. Woolever*, 163 N.E.2d 378, 382 (Ohio1959). Much like a judgment on the merits, an agreed judgment of dismissal in settlement of a controversy "is conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation." *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex.App.2000). "It is to be noted that the phase of the doctrine of res judicata which precludes relitigation of the same cause of action is broader in its application than a mere determination of the questions involved in the prior action. The bar of the judgment in such cases extends not only to matters actually determined, but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action." *Gaither Corp. v. Skinner*, 85 S.E.2d 909, 911 (N.C.1955).

We first note that both proceedings in this matter involve the same cause of action. "The principle test for determining whether the causes of action are the same is whether the primary right and duty or wrong are the same in each case." *Hutcheson v. Tenn. Valley Auth.*, 604 F.Supp. 543, 550 (C.C.M.D.Tenn.1985). In both proceedings Mr. Gerber sought to enforce the same August 21, 2000, promissory note signed by Dr. Holcomb. Mr. Gerber merely chose to enforce the contract as

certain payments became overdue rather than waiting until the date the last installment became due and suing Dr. Holcomb for the entirety of the amount promised under the contract.

Having found that the two proceedings in this matter involve the same cause of action, we turn to the operation of the consent final decree entered on September 28, 2001. The affirmative defenses raised by Dr. Holcomb in the second proceeding attacked the validity of the promissory note and were readily available to Dr. Holcomb in the first proceeding. However, Dr. Holcomb chose, for whatever reason, not to pursue those defenses at that time. In failing to raise these matters which could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation, Dr. Holcomb forfeited his opportunity to assert these defenses under the doctrine of *res judicata*. It is inconsequential that the first suit was settled by a consent judgment rather than a trial on the merits since it is well settled that "[a] judgment by consent in an action in which the court had jurisdiction of the subject-matter and of the parties is res adjudicata, and conclusive between the parties and those deriving under them, and will bind them and those claiming under them as efficaciously as if it had been entered after a trial of the issues." *Moore v. Schneider*, 238 P. 81, 84 (Cal.1925). The doctrine of *res judicata* only requires that there be "a full and fair *opportunity* to litigate all issues arising out of" the claim, *W.G. Myers v. Olson*, 676 P.2d 822, 824 (N.M.1984) (emphasis added), however, every applicable issue need not be actually litigated in order for *res judicata* to apply.

We believe that this decision also comports with the stated public policy of the doctrine of *res judicata*. "The rationale for the application of res judicata generally is to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions." *W.G. Myers*, 676 P.2d at 824. Dr. Holcomb essentially asks this Court to provide him with a second bite at the apple by holding that the September 28, 2001, consent final decree did not operate as *res judicata* to the same extent as a judgment on the merits, however, to allow Defendant such an opportunity would be directly contrary to the well established law and policy supporting the doctrine of *res judicata*.

The issue of liability under the promissory note prior to the consent judgment in the first case was inherently conceded by the consent judgment itself. The affirmative defenses to liability on the promissory note asserted now by Holcomb in defense of the second case are (1) fraud in the inducement, (2) lack of consideration and (3) failure to arbitrate.

All of these affirmative defenses were obviously available prior to the consent judgment in the first case. In an expositive opinion written for the Supreme Court by Justice Allison Humphreys it is held:

"That rule is stated as the law today by the text writer in 30 American Jurisprudence, page 920-921 in this language:

'It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action whether the subsequent action involves the same or a different form or proceedings, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief,' citing cases.

*Cotton v. Underwood*, 442 S.W.2d 632, 635 (Tenn.1969).

The judgment of the trial court is reversed and summary judgment is entered in favor of Plaintiff, Mr. Gerber. The case is remanded to the trial court for further proceedings consistent herewith. The costs of appeal are assessed against Appellee, Dr. Holcomb.

_____

WILLIAM B. CAIN, JUDGE