IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 4, 2011

# ROBERT E. DAVIS ET AL. v. CRAWFORD L. WILLIAMS ET AL.

**Appeal from the Chancery Court for Loudon County**
**No. 11472      Frank V. Williams, III, Chancellor**

**No. E2010-01139-COA-R3-CV - Filed January 31, 2011**

Robert E. Davis and wife, Angela K. Davis ("the Buyers"), filed this action against Crawford L. Williams and wife, Betty Jo Williams ("the Sellers"), to enjoin them from taking possession of real property that the Sellers had sold the Buyers and re-acquired through foreclosure. The Buyers also sought to set aside the foreclosure sale. The Sellers moved to dismiss and then for summary judgment on the ground that a final judgment against the Buyers in an unlawful detainer action in general sessions court barred the present action under principles of *res judicata* and collateral estoppel. The trial court granted summary judgment in favor of the Sellers. The Buyers appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Terry G. Vann, Lenoir City, Tennessee, for the appellants, Robert E. Davis and Angela K. Davis.

G. Scott Green, Knoxville, Tennessee, for the appellees, Crawford L. Williams and Betty Jo Williams.

**OPINION**

I.

On or about April 7, 2008, the Buyers purchased a parcel of real property from the Sellers. The Buyers executed a note to the Sellers in the amount of $73,000 that obligated

them to make payments of $400 per month beginning May 7, 2008. The note was secured by a deed of trust in favor of the Sellers.

The Buyers failed to make the payments called for in the note, and the Sellers foreclosed. The property was sold at auction and the Sellers re-purchased the property by submitting the highest bid. On April 20, 2009, the Sellers filed an unlawful detainer action against the Buyers claiming the right to possession by "foreclosure on 4/6/09." The Buyers appeared with counsel and agreed to a judgment of possession in favor of the Sellers and against the Buyers on May 21, 2009. The judgment became final on June 1, 2009, when the Buyers failed to appeal to circuit court.[1]

On June 2, 2009, the Buyers filed this action asking that the foreclosure be set aside and declared a nullity and that the Sellers be temporarily restrained and ultimately enjoined from evicting the Buyers. The Buyers alleged that the note and deed of trust that they signed were incorrect as to the amount owed and did not give them credit for bartered property which, by agreement of the parties, covered the first fifteen payments[2]. The Buyers claimed that, with the credits, they were not in default of their obligations. The Buyers alleged that "when [the Buyers] received notice of foreclosure, they spoke with [the Sellers] and reminded them that no payment was due until August 2009 [,well later than the foreclosure,] and that [the Sellers] refused to honor the contract and their agreement, and fraudulently proceeded with the foreclosure even though [the Buyers] were not delinquent."

The Buyers secured a temporary restraining order ex parte which, after hearing, was converted into a temporary injunction. The Sellers then moved the court to dismiss on the ground that the present action is barred by the doctrine of *res judicata* and collateral estoppel as well as the statute of frauds. The trial court declined to rule on the motion to dismiss because of the court's concern that it invoked materials outside the pleadings. The Sellers later filed a motion for the summary judgment asserting that the action is barred under "the doctrines of *res judicata* and collateral estoppel" by the judgment rendered in general sessions court, as well as the statute of frauds for lack of a writing to support the Buyer's claims.

The trial court granted the Sellers summary judgment upon finding "the present action is barred by the doctrines of *res judicata* and collateral estoppel." The court, however, stayed dissolution of the temporary injunction pending exhaustion of appeals conditioned upon the

_____

[1]*See* Tenn. Code Ann. § 27-5-108 (Supp. 2010).

[2]In opposition to the Sellers' motion for summary judgment, the Buyers filed the affidavit of the Sellers' real estate agent. The agent's affidavit fully supports the Buyers' allegations concerning bartered property and payment credits.

Buyers making payments of $400, corresponding to the note payments, into the registry of the court.

## II.

The Buyer filed a timely notice of appeal. The issue is whether the judgment rendered by the general sessions court in the unlawful detainer action can be given *res judicata* effect to preclude the present action when the fraud alleged in this present action could only have been raised in the general sessions court as a defense to possession and not as an original claim to set aside the foreclosure sale.

## III.

The general principles that we observe in reviewing a judgment based on *res judicata* and collateral estoppel are as follows:

> A trial court's decision that a lawsuit is barred by principles of res judicata presents a question of law which this court reviews de novo. **In re Estate of Boote**, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005).
>
> Generally, res judicata bars a second law suit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit. **State v. Thompson**, 285 S.W.3d 840, 848 (Tenn. 2009) (*citing* **Massengill v. Scott**, 738 S.W.2d 629 (Tenn. 1987)). Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. **Id**.

**Grant v. Foreperson For Bradley County Grand Jury**, No. E2009-01450-COA-R3-CV, 2010 WL 844912, at *3 (Tenn. Ct. App. E.S., filed March 11, 2010)(heading omitted).

## IV.

We begin by noting that the parties have made some concessions that help us to narrow the issue to the one stated above. The Sellers conceded in the trial court "that the General Sessions Court for Loudon County does not have jurisdiction to entertain the question of title [acquired through the foreclosure]." The Sellers maintain, though, that since

wrongful or fraudulent foreclosure could have been raised as a defense in the unlawful detainer action, but was not, it cannot now be the basis of a new action. The Buyers concede that they "could have asserted a defense of wrongful foreclosure; however, as in [*CitiFinancial Mortgage Company, Inc. v. Beasley*, No. W2006-00386-COA-R3-CV, 2007 WL 77289 (Tenn. Ct. App. W.S., filed Jan. 11, 2007)], [the Buyers] did not." The Buyers maintain that even though the general sessions court could have denied the Sellers possession based on the defense of wrongful possession, its inability to set aside the foreclosure and vest title in them rather than the Sellers means that its judgment does not have preclusive effect.

We disagree with the Buyers. The courts of this state have consistently applied the doctrine of *res judicata* "to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions." *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006).

> It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action whether the subsequent action involves the same or a different form or proceedings, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief . . . .

*Id.* at 919 (*quoting* *Cotton v. Underwood*, 223 Tenn. 122, 442 S.W.2d 632, 635 (1969)). *Gerber* involved a second action by attorney Gerber to collect amounts that had accrued on a note made to him by his client, Dr. Holcomb, in addition to amounts that were included in a judgment in a prior action.[3] After agreeing to a consent judgment in the first action, Dr. Holcomb attempted to defend the second action by raising affirmative defenses, including fraud, that he had not raised in the first action. *Id*. We specifically held that the judgment in the first action barred Dr. Holcomb from raising the affirmative defenses in the second action.

---

[3]Apparently the note did not allow acceleration of the full amount of the loan upon default.

The affirmative defenses raised by Dr. Holcomb in the second proceeding attacked the validity of the promissory note and were readily available to Dr. Holcomb in the first proceeding. However, Dr. Holcomb chose, for whatever reason, not to pursue those defenses at that time. In failing to raise these matters which could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation, Dr. Holcomb forfeited his opportunity to assert these defenses under the doctrine of *res judicata*. It is inconsequential that the first suit was settled by a consent judgment rather than a trial on the merits since it is well settled that a judgment by consent in an action in which the court had jurisdiction of the subject-matter and of the parties is res adjudicata, and conclusive between the parties and those deriving under them, and will bind them and those claiming under them as efficaciously as if it had been entered after a trial of the issues. The doctrine of *res judicata* only requires that there be a full and fair *opportunity* to litigate all issues arising out of the claim, however, every applicable issue need not be actually litigated in order for *res judicata* to apply.

*Id*. at 918 (emphasis in original, citations and internal quotation marks omitted).

There is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure. *Beasely*, 2007 WL 77289 at *6-7; *Federal Nat'l Mortgage Ass'n v. Robilio*, No. W2007-01758-COA-R3-CV, 2008 WL 2502114 at *5 (Tenn. Ct. App. W.S., filed June 24, 2008). "Where title bears directly upon the right of possession . . . a party may legitimately interpose the issue." *Beasely*, 2007 WL 77289 at *6. It is the purchaser's "constructive entry" onto the premises through the title obtained in foreclosure that "provides the basis for maintaining the unlawful detainer action." *Id*. at *7.

When the holding in *Gerber* is examined with reference to the holding in *Beasely*, it is inescapable that even though fraud in the foreclosure was not raised as a defense in the unlawful detainer action, it was conclusively determined not to exist. "In failing to raise these matters [concerning fraud in the foreclosure] which could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation, [the Buyers] forfeited [their] opportunity to assert [fraud] under the doctrine of *res judicata*." *Gerber*, 219 S.W.3d at 918.

-5-

We reach the same result by examining the four elements of *res judicata*.

> To obtain dismissal based on *res judicata*, the party asserting the defense must show that: (1) a court of competent jurisdiction rendered the underlying judgment; (2) the same parties or their privies were involved in both proceedings; (3) both proceedings involved the same cause of action; and (4) the underlying judgment was final and on the merits.

*Roberts v. Vaughn*, W2008-01126-COA-R3-CV, 2009 WL 1608981, at *3 (Tenn. Ct. App. W.S., filed June 10, 2009). The parties are the same and the underlying judgment in the detainer action is final. The Buyers argue about the general sessions court's jurisdiction, but, as we have illustrated above, it had subject matter jurisdiction of the detainer action. It was competent in the detainer action to consider title as a challenge to the Sellers' right to possession. The Buyers understandably argue that the cause of action in the present action is not the same as in the detainer action. However, the Tennessee Supreme Court has recently redefined the term "cause of action" broad enough to connect the detainer action and the present action. *Id*. at 5 (*quoting* **Creech v. Addington**, --- S.W.3d ----, No. E2006-01911-SC-R11-CV, 2009 WL 838102, at *14 (Tenn. 2009)("Two suits, therefore, shall be deemed the same 'cause of action' for purposes of *res judicata* where they arise out of the same transaction or a series of connected transactions." )). There can be no doubt that the detainer action and the present action both arose out of the same transaction or series of connected transactions.

Before concluding, we think it worthwhile to note that all of the fraud alleged by the Buyers occurred well before the entry of the judgment in the detainer action. Accordingly, this is not a case that falls within Tenn. R. Civ. P. 60.02(2) and the Buyers do not assert Rule 60 as a basis for relief. The alleged fraud is in the Sellers' preparation and presentation of documents that varied from the negotiated terms of sale,[4] and subsequent refusal in the process of foreclosure to acknowledge the true terms of the sale. As to any and all other challenges to the judgment asserted by the Buyers, directly or indirectly, we have considered them and find them to be without merit. We hold that there was no error by the trial court

---

[4]We have repeatedly held that a party who signs a document cannot later base an action for fraud on claims that the document does not accurately state the agreement of the parties. *See* **Moody Realty Co., Inc. v. Huestis**, 237 S.W.3d 666, 676-77 (Tenn. Ct. App. 2007); **Overton v. Lowe**, E2007-00843-COA-R3-CV, 2009 WL 1871946 at *10-11 (Tenn. Ct. App. E.S., filed June 30, 2009) ( *quoting* **Solomon v. First American National Bank**, 774 S.W.2d 935, 943 (Tenn. Ct. App. 1989)); **Lee v. Stanfield**, No. E2008-02168-COA-R3-CV, 2009 WL 4250155, at *8 (Tenn. Ct. App. E.S., filed Nov. 30, 2009).

in granting summary judgment because the Sellers were entitled to judgment as a matter of law.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Crawford L. Williams and Betty Jo Williams. This case is remanded, pursuant to applicable law, for collection of costs assessed below.


_____
CHARLES D. SUSANO, JR., JUDGE