# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 13, 2013 Session

## KENDALL FOSTER ET AL. v. FEDERAL NATIONAL MORTGAGE ASSOCIATION ET AL.

**Appeal from the Chancery Court for Anderson County**
**No. 12CH3812     William E. Lantrip, Chancellor**

---

**No. E2012-02346-COA-R3-CV-FILED-JULY 31, 2013**

---

The plaintiffs brought this action alleging wrongful foreclosure after a judgment against them became final in an earlier, separate unlawful detainer lawsuit filed by Federal National Mortgage Association ("FNMA"). The trial court dismissed the action as barred by the doctrine of res judicata. We affirm the judgment of the trial court because the plaintiffs could and should have raised the issues pertaining to the alleged wrongful foreclosure in the earlier detainer action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Carol A. Molloy, Lynnville, Tennessee, for the appellants, Kendall Foster and Amanda Foster.

John R. Wingo, Lauren Paxton Roberts, and J. Matthew Kroplin, Nashville, Tennessee, for the appellees, Federal National Mortgage Association and JP Morgan Chase Bank, National Association.

**OPINION**

I.

Plaintiffs Kendall[1] Foster and Amanda Foster bought a house in Lake City in 2004. The Fosters borrowed $60,000 to finance the purchase. They signed a promissory note to Washington Mutual Bank and executed a deed of trust. Washington Mutual later failed and the Federal Deposit Insurance Corporation was appointed receiver. On September 25, 2008, JP Morgan Chase Bank ("Chase") entered into a purchase and assumption agreement whereby Chase bought the assets and assumed the liabilities of Washington Mutual.

In March 2010, Chase, alleging a default, foreclosed on the Fosters' property. The property was offered for sale at public auction on March 11, 2010. Chase bought the property at the auction. According to the complaint, the Fosters were not notified of Chase's purchase of Washington Mutual's assets, nor of the foreclosure action. The same day as the auction, Chase assigned its interest in the property to FNMA.

FNMA filed an unlawful detainer action against the Fosters in general sessions court on May 27, 2010. The Fosters were served with a copy of the summons and civil warrant. They hired counsel. Following a hearing on September 6, 2011, the general sessions court granted FNMA a judgment for possession. The judgment became final after ten days, on September 17, 2011, when the Fosters failed to file an appeal to circuit court.[2]

After filing a pro se lawsuit that they later nonsuited, the Fosters filed this action in the trial court against Chase, FNMA, and substitute trustee Shapiro & Kirsch, LLP,[3] on January 12, 2012. The Fosters alleged, among other things, wrongful foreclosure, fraud, civil conspiracy, violation of the Tennessee Consumer Protection Act, unjust enrichment, and slander of title. FNMA and Chase filed a motion to dismiss, arguing that the Fosters' claims were barred by the doctrine of res judicata because they should have been raised in the earlier general sessions detainer lawsuit. The trial court agreed and dismissed the Fosters' action. They timely filed a notice of appeal.

---

[1] Mr. Foster's first name is sometimes spelled "Kendall" and sometimes "Kendell" in the record. We will use the more familiar of the two spellings.

[2] *See* Tenn. Code Ann. § 27-5-108 (Supp. 2012).

[3] The Fosters later nonsuited Shapiro & Kirsch and it is not a party to this appeal.

## II.

The issue we address is whether the trial court correctly held that the Fosters' various claims were barred by the doctrine of res judicata.

## III.

The trial court granted the defendants' motion to dismiss under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief could be granted. Rule 12.02 provides as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The Fosters attached, as exhibits to their response to the defendants' motion to dismiss: (1) a copy of the motion to remove FNMA's detainer action to circuit court filed by the Fosters' former attorney in general sessions court; (2) the former attorney's affidavit filed in support of the motion to remove; and (3) a copy of the substitute trustee's deed, recorded on March 25, 2010, whereby Chase assigned its interest in the property to FNMA. Chase also attached the substitute trustee's deed to its supplemental memorandum in support of its motion to dismiss in order to establish privity with FNMA, an element of its res judicata defense. These documents were "matters outside the pleadings" as contemplated by Rule 12.03, *see* ***Patton v. Estate of Upchurch***, 242 S.W.3d 781, 786-87 (Tenn. Ct. App. 2007), and there is no indication that they were excluded by the trial court. Consequently, the motion should have been treated as one for summary judgment under Rule 56. Tenn. R. Civ. P. 12.03; ***Gibson v. Trant***, 58 S.W.3d 103, 107 (Tenn. 2001); ***Rast v. Terry***, 532 S.W.2d 552, 553 n.1 (Tenn. 1976). "Accordingly, we will consider the trial court's order as a ruling on a summary judgment motion." ***Smith v. Methodist Hosps. of Memphis***, 995 S.W.2d 584, 587 (Tenn. Ct. App. 1999).

Our standard of review of a grant of summary judgment is as follows:

> A summary judgment is appropriate only when the moving party can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tenn. R.

Civ. P. 56.04; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008). When ruling on a summary judgment motion, the trial court must accept the nonmoving party's evidence as true and resolve any doubts concerning the existence of a genuine issue of material fact in favor of the nonmoving party. *Shipley v. Williams*, 350 S.W.3d 527, 536 (Tenn. 2011) (quoting *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 84 (Tenn. 2008)). "A grant of summary judgment is appropriate only when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (citing *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000)). "The granting or denying of a motion for summary judgment is a matter of law, and our standard of review is de novo with no presumption of correctness." *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010).

*Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013). "A trial court's determination of the applicability of res judicata or collateral estoppel is a question of law, which we review de novo with no presumption of correctness." *In re Taylor B.W.*, 397 S.W.3d 105, 111 (Tenn. 2013).

IV.

A.

"The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). The purposes of the res judicata doctrine are "to promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). The doctrine is grounded in the public policy principle that "litigation should be determined with reasonable expedition, and not protracted through inattention and lack of diligence on the part of litigants or their counsel." *Id.* (quoting *Jordan v. Johns*, 79 S.W.2d 798, 802 (Tenn. 1935)). As the Supreme Court has recently instructed,

> The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the

same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

*Jackson*, 387 S.W.3d at 491.

The issue presented here has been recently addressed and decided by this court in the case of *Davis v. Williams*, No. E2010-01139-COA-R3-CV, 2011 WL 335069 (Tenn. Ct. App. E.S., filed Jan. 31, 2011). In *Davis*, a case involving a practically identical fact pattern, we addressed "whether the judgment rendered by the general sessions court in the unlawful detainer action can be given *res judicata* effect to preclude the present action when the fraud alleged in this present action could only have been raised in the general sessions court as a defense to possession and not as an original claim to set aside the foreclosure sale." *Id.* at *2 (italics in original). We stated the following in *Davis*:

> The Sellers maintain . . . that since wrongful or fraudulent foreclosure could have been raised as a defense in the unlawful detainer action, but was not, it cannot now be the basis of a new action. The Buyers concede that they "could have asserted a defense of wrongful foreclosure; however, as in [*CitiFinancial Mortgage Company, Inc. v. Beasley*, No. W2006–00386–COA–R3–CV, 2007 WL 77289 (Tenn. Ct. App. W.S., filed Jan. 11, 2007)], [the Buyers] did not." The Buyers maintain that even though the general sessions court could have denied the Sellers possession based on the defense of wrongful possession, its inability to set aside the foreclosure and vest title in them rather than the Sellers means that its judgment does not have preclusive effect.
>
> We disagree with the Buyers. The courts of this state have consistently applied the doctrine of *res judicata* "to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions." *Gerber v. Holcomb*, 219 S.W.3d 914, 918 (Tenn. Ct. App. 2006).

*Id.* at *2 (italics in original). We held that "[t]here is absolutely no doubt that wrongful foreclosure can be raised as an affirmative defense to an unlawful detainer action brought by the purchaser of property in foreclosure." *Id.* at *3 (citing *Beasley*, 2007 WL 77289 at *6-7;

***Fed. Nat'l Mortgage Ass'n v. Robilio***, No. W2007-01758-COA-R3-CV, 2008 WL 2502114 at *5 (Tenn. Ct. App. W.S., filed June 24, 2008)). We concluded that "[i]n failing to raise these matters concerning fraud in the foreclosure which could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation, the Buyers forfeited their opportunity to assert fraud under the doctrine of *res judicata*." ***Davis***, 2011 WL 335069 at *3-4 (quoting ***Gerber***, 219 S.W.3d at 918) (italics in original; brackets in original omitted). Our rationale for this conclusion was as follows:

> It is a fundamental principle of jurisprudence that material facts or questions, which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions becomes *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issue may take in the subsequent action whether the subsequent action involves the same or a different form or proceedings, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes, and seek different relief. . . .

***Id.*** at *3 (quoting ***Gerber***, 219 S.W.3d at 919). We recently reiterated and applied these principles in ***CitiMortgage, Inc. v. Drake***, No. E2012-00722-COA-R3-CV, 2013 WL 655914, at *9 (Tenn. Ct. App. E.S., filed Feb. 21, 2013), another case involving an unsuccessful challenge to a foreclosure following an unlawful detainer action in general sessions court.

In the present case, the Fosters argue that because the general sessions court does not have jurisdiction to entertain the question of title acquired through foreclosure, they should not be barred from later challenging the foreclosure in a second, separate action. We considered and rejected the same argument in ***Davis***:

> The Buyers argue about the general sessions court's jurisdiction, but, as we have illustrated above, it had subject matter jurisdiction of the detainer action. It was competent in the detainer action to consider title as a challenge to the Sellers' right to possession. The Buyers understandably argue that the cause of action in the present action is not the same as in the

detainer action. However, the Tennessee Supreme Court has recently redefined the term "cause of action" broad[ly] enough to connect the detainer action and the present action. There can be no doubt that the detainer action and the present action both arose out of the same transaction or series of connected transactions.

*Davis*, 2011 WL 335069, at *4 (citation omitted). Similarly, in this case, the unlawful detainer action filed by FNMA and decided by the general sessions court – an action that could have been appealed and heard de novo by the circuit court, but was not – and this second action, including all claims asserted by the Fosters, each of which is based on or pertaining to the alleged wrongful foreclosure, arose out of the same series of connected transactions.

B.

The Fosters argue that the trial court erred in determining that FNMA and Chase were in privity, and in holding that the res judicata defense was available to Chase as well as FNMA. "Privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation." (Italics in original.) **Harris v. St. Mary's Med. Ctr., Inc.**, 726 S.W.2d 902, 905 (Tenn. 1987). This court has observed that "[p]rivity connotes an identity of interest, that is, *a mutual or successive interest to the same rights*." **State ex rel. Cihlar v. Crawford**, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) (citations omitted; emphasis added); *see also* **Phillips v. Gen. Motors Corp.**, 669 S.W.2d 665, 669 (Tenn. Ct. App. 1984) (noting that "[p]rivity in the traditional sense mean[s] mutual or successive relationship to the same rights of property"). The substitute trustee's deed establishes on its face that Chase "assigned its interests in the . . . property to [FNMA]," thereby establishing a prima facie case of privity. This is sufficient to shift the burden of production to the Fosters to establish a genuine issue of material fact regarding privity, *see* **Hannan**, 270 S.W.3d at *5, which they did not do. Summary judgment was therefore appropriate.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Kendall Foster and Amanda Foster. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE