IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 25, 2017 Session

**JOHN MERWIN ET AL. V. KEN DAVIS ET AL.**

**Appeal from the Circuit Court for Roane County**
**No. 14-CV-145      Michael S. Pemberton, Judge**

_____

**No. E2016-00508-COA-R3-CV**

_____

This appeal arises from a dispute between neighbors regarding the construction of a sign that precipitated the exchange of threats followed by the filing of a civil warrant and criminal charges, a global settlement agreement, the alleged breach of the settlement agreement, and the commencement of this action. After Ken and Martha Davis sued John and Sharon Merwin in general sessions court on a variety of tort claims and filed criminal charges against Mr. Merwin, the parties entered into a settlement agreement pursuant to which Mr. Merwin agreed to remove the sign he erected and the Davises agreed to dismiss the civil warrant and the criminal charges. The Davises promptly dismissed the civil warrant but when the criminal case came on for hearing, the district attorney declined to dismiss the criminal charges against Mr. Merwin and the case was continued so Mr. Merwin could retain counsel. At the subsequent hearing, the criminal charges were dismissed and, in the interim, Mr. Merwin removed the sign. Thereafter, the Merwins commenced this action asserting a variety of tort claims, including a claim for malicious prosecution, and a claim for breach of contract based on the Davises' failure to dismiss the criminal charges at the initial hearing. Upon the motion of the Davises, the trial court summarily dismissed the tort claims on the grounds of res judicata because they had been asserted in the civil warrant that was dismissed with prejudice. At the conclusion of the trial on the remaining claims, the trial court granted the Davises' motion for a directed verdict on the breach of contract claim upon the ground it was legally impossible for the Davises to dismiss the criminal complaint and because the Merwins could not establish that the Davises breached the settlement agreement. The Merwins appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, J., joined.

James William Friauf, Knoxville, Tennessee, for the appellants, John Merwin and Sharon Merwin.

William J. Carver, Knoxville, Tennessee, for the appellees, Ken Davis and Martha Davis.

**OPINION**

In 2013, John and Sharon Merwin ("the Merwins") moved into a home that sat on a wooded lot on an undeveloped cul-de-sac. Across the cul-de-sac lived Ken and Martha Davis ("the Davises"). Shortly thereafter, a series of disputes arose between the neighbors, leading to a strained relationship.

In 2014, Mr. Merwin began to experience declining health. Worried that first-responders would be unable to locate his house should an emergency arise, Mr. Merwin began to construct a sign (the "911 sign") at the entrance to the cul-de-sac "to potentially alert any ambulances [of] the fact that we were down below there . . . ." The property on which the sign was constructed was owned by neither the Merwins nor the Davises, but was near the entrance to the Davises' property. The Davises claim that the sign blocked access to parts of their property.

On June 26, 2014, Mr. Merwin and his son were working to complete the sign when they were approached by the Davises. A confrontation arose during which Mr. Merwin claims that he was verbally accosted by the Davises and threatened with physical violence. Conversely, the Davises contend that Mr. Merwin escalated the confrontation and threatened them with a firearm.

In August 2014, the Davises filed a lawsuit in the General Sessions Court for Roane County against the Merwins for "restriction violations, right-of-way violations, destruction of property, lost wages, [and] pain and suffering. . . ." The Davises also filed criminal complaints against Mr. Merwin arising out of the June 2014 altercation.

Prior to the civil trial, the parties reached a settlement agreement, which provided:

[The Merwins] agree to remove the existing 911 sign on the undeveloped and unmaintained cul-da-sac. [The Merwins] to place the 911 sign on their property [sic]. Parties shall have no contact with one another. Contact includes any avenues of communication except through an attorney or appropriate law enforcement. No third parties not an attorney shall communicate with either part. [The Davises] agree to dismiss with prejudice this civil summons along with the two (2) criminal summons currently set in Roane County court on October 6, 2014 against [the Merwins]. Parties agree that no legal action shall be pursued against one

another that arise out of the operative facts in this matter. [The Davises] agree not to discriminate or discuss [Mr. Merwin's] dementia.

On September 12, 2014, the General Sessions Court dismissed the civil case with prejudice. Thereafter, the Merwins began relocating the sign pursuant to the parties' agreement; however, removal of the sign was not completed until November 2014.

The criminal charges against Mr. Merwin came on for hearing in October 2014 and Mr. Merwin appeared without counsel because he was "fully expecting the [case] to just be dismissed" pursuant to the settlement agreement. Despite Mr. Merwin's expectation, the criminal charges were not dismissed at this hearing and Mr. Merwin blames Mr. Davis for this. Prior to that hearing, Mr. Merwin says he overheard Mr. Davis tell the District Attorney that "he wanted [Mr. Merwin] to go to jail and pointed at [Mr. Merwin]." Because Mr. Merwin was not represented by counsel, the case was reset until January 2015. Mr. Merwin retained a lawyer to represent him and the criminal charges were dismissed at the January 2015 hearing.

On October 27, 2014, the Merwins initiated the present lawsuit in the Circuit Court for Roane County asserting claims against the Davises for nuisance, trespass, intentional infliction of emotional distress, assault, defamation, malicious prosecution, invasion of privacy, civil conversion, and civil conspiracy. On February 18, 2015, the Merwins filed an amended complaint which added a claim for breach of contract. Specifically, the amended complaint alleged that the parties' settlement agreement in the prior civil action constituted a valid contract, which was breached by the Davises.

In November 2015, the Davises filed a motion for summary judgment, alleging that the events in the Merwins' complaint occurred prior to the entry of judgment in the prior civil action; thus, the Merwins' claims should be barred by the doctrine of res judicata. The trial court granted this motion and summarily dismissed all of the claims which arose on or before September 12, 2014; however, the case proceeded to trial with regard to the claims for malicious prosecution, civil conspiracy, and breach of contract.

At the conclusion of the trial on the remaining claims, the Davises filed a motion for a directed verdict. The trial court granted this motion with regard to the breach of contract claim due to impossibility of performance of the contract—given that the Davises had no power to dismiss the criminal charges—and because the criminal charges were ultimately dismissed in January 2015. The trial court also held that, because the underlying case did not result in a favorable termination to the Merwins, the tort of malicious prosecution cannot stand and, consequently, neither can the tort of conspiracy to commit malicious prosecution. Thus, the trial court granted a directed verdict with regard to each of the Merwins' remaining theories.

Thereafter, the Merwins initiated this appeal. Generally stated, they raise the following issues: (1) whether the settlement agreement entered into between the parties constituted an enforceable contract; (2) whether the trial court erred in its interpretation of the contract by severing the express and unambiguous terms of the contract in favor of the Davises; (3) whether the Davises breached the contract by encouraging the continued prosecution of Mr. Merwin; (4) whether there was a mutual mistake between the parties such that their contract should have been rescinded; and (5) whether the trial court erred in granting summary judgment with regard to their claims which arose on or before September 12, 2014.[1]

## ANALYSIS

### I. BREACH OF CONTRACT

The Merwins contend the trial court erred by granting a directed verdict on their breach of contract claim.

To succeed on a claim for breach of contract, a plaintiff must establish (1) the existence of an enforceable contract, (2) nonperformance that amounted to a breach of contract, and (3) damages caused by the breach. *ARC LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). An enforceable contract is an agreement that results from a meeting of the minds in mutual assent to the terms, is based upon sufficient consideration, is free from fraud or undue influence, is not against public policy, and is sufficiently definite to be enforced. *See Thompson v. Hensley*, 136 S.W.3d 925, 929-30 (Tenn. Ct. App. 2003) (citing *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 635 (Tenn. Ct. App. 2002)). A settlement agreement made during the course of litigation may constitute an enforceable contract, subject to the principles of contract law. *Waddle v. Elrod*, 367 S.W.3d 217, 222 (Tenn. 2012).

In September 2014 the parties executed a written agreement to settle all matters in dispute and to dismiss all court proceedings. In exchange for the Merwins' promise to have no contact with the Davises, to remove the existing 911 sign, and to initiate no further lawsuits against the Davises, the Davises agreed to dismiss their general sessions civil warrant, dismiss the criminal warrants against Mr. Merwin, refrain from discussing

---

[1] As noted above, the trial court also granted a directed verdict on the claims for malicious prosecution and civil conspiracy. Although the Merwins' counsel briefly addressed this decision during oral arguments, neither party raised this as an issue in their appellate briefs. Further, neither brief addressed the merits of the trial court's decision on the claims for malicious prosecution and civil conspiracy. Therefore, this issue is waived. *See* Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) ("This Court is under no duty to . . . consider issues raised but not argued in the brief.").

Mr. Merwin's mental health issues, have no contact with the Merwins, and to initiate no further lawsuits against the Merwins.

As agreed upon, the civil warrant was dismissed in September 2014 and no one appealed the dismissal of the civil warrant. When the criminal case came on for hearing in October 2014, the criminal charges were not dismissed and the Merwins contend this constituted a breach of the contract by the Davises.[2] We disagree.

It is undisputed that the Davises were without authority to dismiss the criminal charges against Mr. Merwin. Therefore, the trial court correctly held that the doctrine of impossibility of performance precludes a finding of breach of contract in this case. *See Patterson v. Methodist Healthcare-Memphis Hospitals*, No. W2008-02614-COA-R3-CV, 2010 WL 363314, at *7 (Tenn. Ct. App. Feb. 2, 2010) ("Where, at the time a contract is made, a party's performance under it is impracticable without his fault because of a fact which he has no reason to know and the non-existence of which is a basic assumption on which the contract is made, no duty to render that performance arises, unless the language or circumstances indicate the contrary.").

Nevertheless, the Merwins contend the Davises breached the contract by encouraging the district attorney to continue prosecuting Mr. Merwin by stating "he wanted [Mr. Merwin] to go to jail." However, even considering this evidence in the light most favorable to the Merwins, we do not believe the evidence supports the conclusion that the Davises breached the settlement agreement.

Importantly, the settlement agreement did not specify a time period during which performance of the parties' respective obligations must occur. This is important because "[t]here can be no recovery for damages on the theory of breach of contract by the party who himself breached the contract." *United Brake Sys., Inc. v. Am. Envtl. Prot., Inc.*, 963 S.W.2d 749, 756 (Tenn. Ct. App. 1997)). The record indicates that, as of October 2014, the Davises had partially performed their obligations by dismissing the civil warrant while the Merwins had not fulfilled their contractual obligation to remove the 911 sign. Thus, even if the Davises' conduct amounted to a breach of contract, the Merwins cannot prevail on their claim for breach of contract because they could not show that the Davises were the first to materially breach the agreement.

---

[2] In the alternative, the Merwins argue that there was a mutual mistake between the parties negating the requisite "meeting of the minds" and, thus, the parties' settlement agreement should be rescinded. However, the Merwins failed to raise this argument in the trial court. It is well established that "issues raised for the first time on appeal are waived." *Lee v. Eskridge*, No. E2014-02555-COA-R3-CV, 2016 WL 758363, at *2 (Tenn. Ct. App. Feb. 26, 2016) (citing *Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996)). Therefore, this argument is waived on appeal.

For the foregoing reasons, we affirm the trial court's decision to grant the motion for a directed verdict with respect to the Merwins' breach of contract claim.

## II. RES JUDICATA

The Merwins contend the trial court erred by summarily dismissing their claims that arose before September 12, 2014, on the basis of res judicata.

"The doctrine of res judicata . . . bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 287 S.W.3d 486, 491 (Tenn. 2012). To successfully establish a res judicata defense, a party must show: (1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties or their privies were involved in both suits; (3) that the same claim or cause of action was asserted in both suits; and (4) that the underlying judgment was final and on the merits. *Id.* As discussed above, in order to be entitled to a summary judgment, the Davises must demonstrate that the undisputed facts support a finding that each element of this defense has been met. *See Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006).

The Merwins do not dispute that elements (1), (2), and (3) have been met. However, they contend that there was no final judgment on the merits because the Davises failed to comply with the terms of the parties' settlement agreement. We find this argument unpersuasive.

A judgment is final when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court. *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009) (citing *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 460 (Tenn. 1995)). "It is not necessary to have a trial for a judgment to be on the merits; rather, if the parties had an opportunity to be heard, and there are no technical defects, the judgment is on the merits, although there was no actual hearing or argument on the facts of the case." *Roberts v. Vaughn*, No. W2008-01126-COA-R3-CV, 2009 WL 1608981, at *4 (Tenn. Ct. App. June 10, 2009) (internal quotations omitted). Thus, any dismissal of a claim other than a dismissal for lack of jurisdiction, for lack of venue, or for lack of an indispensable party "operates as an adjudication upon the merits," unless the trial court specifies otherwise in its order for dismissal." *Creech*, 281 S.W.3d at 378 (citing Tenn. R. Civ. P. 41.02(3)).

Here, the Roane County General Sessions Court dismissed the prior civil action with prejudice on September 12, 2014. This dismissal did not relate to the court's jurisdiction, the proper venue, or the lack of an indispensible party. Thus, because the court did not specify to the contrary, the dismissal operated as a final judgment on the merits. The Davises' compliance, or lack thereof, with the parties' settlement agreement had no impact on the finality of this judgment.

Therefore, the undisputed facts establish that the Merwins' claims, which arose prior to September 12, 2014, are barred by the doctrine of res judicata. Accordingly, we affirm the summary dismissal of these claims.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against John and Sharon Merwin.

_____
FRANK G. CLEMENT, JR., P.J., M.S.