IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 6, 2018 Session

## TONI BARRIOS, ET AL. v. CHARLIE SIMPKINS, ET AL.

**Interlocutory Appeal from the Chancery Court for Cheatham County**
**No. 16245      Philip E. Smith, Judge[1]**

_____

### No. M2018-00122-COA-R9-CV
_____

The plaintiffs filed a complaint against the defendants for trespass and sought a declaration of the boundary line between the two properties, among other things. Following discovery, the defendants moved for summary judgment on the grounds that a prior case involving the plaintiffs and the prior owner of the defendants' property had established the boundary line between the two properties. The trial court granted the defendants' motion. The plaintiffs appeal. We reverse the court's decision and remand for it to hear evidence and to establish the boundary line between the two properties.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Chancery Court**
**Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Irene R. Haude, Nashville, Tennessee, and Rhonda R. Crabtree, Ashland City, Tennessee, for the appellants, Toni Barrios and Louis Barrios.

B. Nathan Hunt and Hollie Lura Smith, Clarksville, Tennessee, for the appellees, Charlie Simpkins and Jackie Simpkins.

### OPINION

### I. Background

This case involves two separate lawsuits decided by the trial court, to which Toni and Louis Barrios ("Appellants"), were parties. In the first case, *Nicholson v. Barrios* ("the prior case"),[2] Appellants were named as defendants by their neighbor, Mary Louise

_____

[1] Sitting by interchange.
[2] No. 15133 Cheatham County Chancery.

Nicholson ("Ms. Nicholson"), when she alleged that a storage shed that Appellants were constructing protruded beyond their property line and onto her property. The prior case was filed on July 5, 2011, and, in paragraph six of her complaint, Ms. Nicholson referenced an attached property survey completed by Jeff Chandler of Chandler Surveying ("the Chandler survey"), which showed that a corner of the storage shed crossed the property line at issue. In the corresponding paragraph of their answer to Ms. Nicholson's complaint, Appellants denied the allegations regarding the Chandler survey.

During the pending litigation of the prior case, Appellants removed the structure that Ms. Nicholson alleged was encroaching onto her property. It is the position of Appellants that, upon the removal of the structure, the case became moot. Following this removal, on November 16, 2012, Appellants and Ms. Nicholson entered into the agreed order below:

1)      In this cause it appears to the satisfaction of the Court, as evidenced by the signatures of counsel for the respective parties hereto, that all matters and things in controversy have been compromised and settled and this cause should be dismissed with prejudice.

2)      The Defendants, Louis S. Barrios and Toni Barrios, are hereby enjoined from placing any structure on the property of the Plaintiff, Mary Louise Nicholson.

3)      It is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that this cause be, and is hereby dismissed with prejudice.

4)      It is further ORDERED that each of the parties shall pay their respective attorney fees.

5)      It is further ORDERED that the Plaintiff pay the balance of the costs of this cause, for which let execution issue, if necessary.

Following the dismissal of the prior case, the property that had belonged to Ms. Nicholson was purchased by Charlie Simpkins and Jackie Simpkins ("Appellees"). During the time that Appellees were in possession of the property that formerly belonged to Ms. Nicholson, they had multiple surveys conducted. According to Appellants, after each of these surveys, Appellees moved the property line further onto land claimed by Appellants. Additionally, Appellants assert that a surveyor placed metal stakes on their property, signifying the changes shown in the new surveys. Further, Appellees cut down trees Appellants claim to be their property. On July 31, 2014, Appellants filed the present case against Appellees alleging trespass and seeking both compensatory and punitive damages. They also request a declaration by the trial court establishing the actual property line between the parties.

Following discovery, Appellees moved for summary judgment in part on the theory that the agreed order entered into during the prior case bars Appellants' claims in the current case because the boundary line has been established, as a matter of *res judicata*, by the dismissal of the prior case. The trial court agreed with Appellees' argument and granted their motion for summary judgment, finding that the boundary line between the two properties was established as a matter of *res judicata* by the dismissal of the prior lawsuit. Appellants moved to alter or amend the judgment pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. The trial court granted this motion in part (noting that "[U]nder the doctrine of *res judicata* the boundary line between Plaintiffs' and Defendants' properties is that which was on a survey attached to the complaint filed in a case between the Barrios' and the Simpkins' predecessor in interest" and "as a matter of law, the boundary line is established for purposes of this litigation and does not need to be litigated in this case.") and denied it in part. Pursuant to Rule 9, Appellants sought an interlocutory appeal on the *res judicata* portion of the trial court's order.

## II. Issue

The issue certified by the trial court is as follows: "Whether the dismissal order ... in the case of *Nicholson v. Barrios* (prior case) is a final determination on the merits constituting *res judicata* in establishing the entire boundary line between the two properties as that sat forth on the survey attached to the complaint in the prior case ..., where the answer ... denies the survey and the boundary line."

## III. Standard of Review

"A trial court's decision that a claim is barred by the doctrine of *res judicata* or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (citing *In re Estate of Boote*, 198 S.W.3d 699, 719 (Tenn. Ct. App. 2005)). Furthermore, the granting or denying of a motion for summary judgment is a matter of law, and the appellate standard of review is de novo with no presumption of correctness given to the trial court's determination. *See Boyce v. LLP Mortg. Ltd.*, 435 S.W.3d 758, 763 (Tenn. Ct. App. 2013).

## IV. Discussion

Appellants claim that the trial court erred by dismissing their claims against

Appellees on the basis of *res judicata*. "The doctrine of *res judicata* . . . bars a second suit between the same parties or their privies on the same claim with respect to all the issues which were, or could have been, litigated in the former suit." *Jackson*, 387 S.W.3d at 491. In order for a party to successfully assert the defense of *res judicata*, the party asserting the defense must show: "(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties or their privies were involved in both suits; (3) that the same claim or cause of action was asserted in both suits; and (4) that the underlying judgment was final and on the merits." *Id.* (*citing Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App.1998)). In order to show that they are entitled to summary judgment on the defense of *res judicata*, Appellees must show that the undisputed facts in the record below reveal that each element of the defense is met. *See, e.g., Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006). Appellants do not dispute that the underlying judgment in the prior case was rendered by a court of competent jurisdiction and, for the purposes of this interlocutory appeal, Appellants also concede that Appellees are the successors in interest to Ms. Nicholson, meeting the second requirement.

Appellants argue that *res judicata* is inapplicable because the previous case was not the same claim or cause of action as this case. In the previous case, Appellants were named as defendants who were alleged to have tortiously constructed a structure, the corner of which protruded onto the property of Ms. Nicholson. The critical, dispositive fact at issue in the first case was very narrow -- whether a portion of a structure built by Appellants encroached on Ms. Nicholson's property. Admittedly, the property line where the structure was built was at issue, but the ***entire property line*** was never at issue and no claim was asserted to establish the entire property line. Moreover, neither the final order nor any written agreement from the first case established any portion of the property line, not even where the encroachment was removed. The final order simply orders Appellants to stay off Ms. Nicholson's property, wherever that may be.

In *Garrett v. Corry Foam Products, Inc.*, 596 S.W.2d 808, 809 (Tenn. 1980), the Tennessee Supreme Court declared that:

> A party, who asserts the defense of *res judicata*, or estoppel by judgment, has the burden of proving it and must show that the right in question was determined on the merits in the former judgment. And, if the judgment itself leaves the matter uncertain then *it must be proved by other evidence*.

(Emphasis added) (Internal citations omitted).

In the present case, Appellees have failed to establish the defense of *res judicata* in their attempt to show that the property line was established in the prior case. The agreed order entered into between Appellants and Ms. Nicholson in the prior case did not

state that Appellants had agreed to the property line as established in the Chandler survey. Rather, as it pertained to the property line, the agreed order stated "that all matters and things in controversy have been compromised and settled and this cause should be dismissed with prejudice" and that "[t]he Defendants, Louis S. Barrios and Toni Barrios, are hereby enjoined from placing any structure on the property of the Plaintiff, Mary Louise Nicholson." Although it may reasonably be argued that the latter quote implies that Appellants agreed to the findings of the Chandler survey, the order itself left the matter uncertain and, thus, Appellees must rely on other evidence to meet this burden, which they have failed to do.

Despite the prior case and the present case both involving the property line between the two parties, no claim was asserted to establish the entire property line in the first case, the entire line was never at issue, and there was no decision -- on the merits or otherwise – that established the entire property line (or any portion of it). The prior case involved the alleged encroachment of the corner of a structure owned by Appellants onto a small portion of Ms. Nicholson's property, while the present case before us involves a dispute over the location of the property line itself. Even if the parties in the prior case were in agreement that the structure itself encroached onto Ms. Nicholson's property, such concurrence does not change Appellants' denial of the findings of the Chandler survey in their initial answer to Ms. Nicholson's complaint. Accordingly, Appellees have not met their burden and are not entitled to summary judgment on the *res judicata* issue. Therefore, we hold that the trial court's grant of summary judgment on this element was improper. We deny the requests for attorney's fees and costs incurred on appeal.

## V. Conclusion

The judgment of the trial court on the issue of *res judicata* is reversed, and the case is remanded for such further proceedings as may be necessary to establish the proper boundary between the parties' properties. Costs of the appeal are taxed to Appellees, Charlie Simpkins and Jackie Simpkins.

_____
JOHN W. MCCLARTY, JUDGE