John Mitchell GRISSIM, Complainant and Counter-Defendant-Appellant,

v.

Jean Foster GRISSIM, Defendant and Counter-Claimant-Appellee.

Court of Appeals of Tennessee, Middle Section.

Feb. 25, 1982.

Permission to Appeal Denied by Supreme Court Aug. 16, 1982.

Wilson Sims, Bass, Berry & Sims, Nashville, for complainant, counter-defendant-appellant.

David Alexander, Alexander, Hartzog, Harris & Silva, Franklin, Shelby L. Haywood, Haywood & Whitaker, Lewisburg, for defendant, counter-claimant-appellee.

## ABRIDGED OPINION

TODD, Presiding Judge, Middle Section.

(With the concurrence of participating judges, the original opinion has been abridged for publication.)

The plaintiff-counter defendant has filed a respectful petition to rehear in respect to the dismissal of this appeal for lack of a final appealable judgment.

The record discloses that this is a divorce action in which the husband filed the original complaint and the wife filed a counter complaint and that, on July 20, 1981, the Trial Judge entered a decree whereby the counterclaim was dismissed, an absolute divorce was granted to the husband, the property of the parties was divided, alimony was decreed to the wife, and custody of the minor child of the parties was entrusted to the husband with reasonable visitation by the mother.

On August 19, 1981, the husband and wife filed separate motions to alter or amend the decree.

On November 19, 1981, an order was entered reciting:

The Court is cognizant that the only other Motions now pending are Motions

by both parties to Alter or Amend under Section 59.03 Tennessee Rules of Civil Procedure, the Court's Decree entered July 20, 1981 in Minute Book 121C, Page 2539, in the Office of the Clerk and Master but until the incoming of the report to the Court of the appraisers, the Court reserves decision upon the said Motions.

On December 7, 1981, the following order was entered:

This matter is presently before the court upon motions to alter or amend the decree submitted by counsel for the respective parties; however, after a review of the entire proceedings, the court concludes that the motions should be respectfully overruled and, in the interest of justice, the court on its own motion should instead grant a new trial in this case for the reasons hereinafter assigned.

. . . .

ORDERED, ADJUDGED and DECREED:

1. That the prior order of this court be vacated and set aside and for naught held and that a new trial is hereby ordered.

On December 23, 1981, the husband filed the following notice of appeal:

Notice is hereby given that John Mitchell Grissim, Complainant and Counter-Defendant named above, appeals to the Court of Appeals from the judgment entered in this action on July 20, 1981, said judgment being made final by an Order denying the parties' motions to alter or amend decree entered on December 7, 1981.

Upon preliminary examination of the record, the appeal was dismissed because there was no final appealable judgment.

The action of this Court in dismissing the appeal is the subject of the present petition to rehear.

It is the position of the appellant-husband that the action of the Trial Judge in overruling both motions to alter or amend effectively finalized the previous decree and terminated any power of the Trial Judge to order a new trial on his own motion. Rule 59.04 T.R.C.P. reads as follows:

*On initiative of court.*—Within thirty (30) days after entry of judgment the court on its own initiative may alter or amend the judgment, or the court may order a new trial for any reason for which it might have granted a new trial on motion of a party where no such motion has been filed. After giving the parties notice and opportunity to be heard, the court may grant a motion for a new trial, timely filed and served, for reasons not stated in the motion. In either case, the court shall specify in its order the grounds for its action.

Appellant insists that the power of a Trial Judge to grant a new trial on his own motion expires thirty (30) days after entry of judgment and that such power is not extended by post trial motions except to the extent of the relief requested in such motions. That is, if no new trial is requested in a post trial motion, then no new trial may be granted more than thirty (30) days after judgment.

Petitioner relies upon decisions of the federal courts under Federal Rules of Civil Procedure 59(d) which reads as follows:

*On Initiative of Court.* Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

The Federal Rule is substantially the same as the Tennessee Rule except for the words "within 30 days" in the Tennessee Rule and "Not later than 10 days" in the Federal Rule. The difference is not deemed determinative.

However, this Court is not satisfied to adopt the interpretation of the Federal Rule by federal courts as being the proper interpretation of the corresponding Tennessee Rule. One of the reasons for this is the

long established public policy of this State favoring the opportunity to correct judicial actions by appeal or otherwise.

The most compelling reason for preserving the power of the Trial Judge to grant a new trial until the disposition of all timely post trial motions is Rule 3(a), T.R.A.P., which reads in pertinent part as follows:

... if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

■ Under this rule, if part of a judgment is challenged by a post trial motion and the power of the trial court is extended to change such challenged part, then the trial court has not finally adjudicated all of the claims, rights and liabilities; and, the judgment is subject to revision (including setting aside) before entry of final judgment adjudicating all claims, rights and liabilities of the parties.

Following the federal decisions would result in splitting judgments into final and non-final segments according to the caprice of the draftsmen of motions to alter or amend. Presumably, the portion of the judgment not affected by the post trial motion would become final in thirty (30) days, hence would require an appeal within thirty (30) days. The portion of the judgment affected by the post trial motion would not become final or appealable until final action on the motion after which another appeal would be prosecuted as to that portion of the judgment. Great difficulty would be encountered in delineating precisely what part of the judgment became final and when, because post-trial motions do not always designate verbatim the portion of the judgment which is to be altered or amended. Furthermore, the alteration or amendment of one part of a judgment may require the alteration or amendment of other parts of the judgment, or even a rehearing, to do complete justice.

■ For the foregoing reasons, this Court adheres to its position that the Trial Judge acted within his powers in setting aside his decree and ordering a new trial; and that there is, therefore no decree from which to appeal.

Petition to rehear denied.

LEWIS and CANTRELL, JJ., concur.

CONNER, J., dissents in separate opinion.

CONNER, Judge, dissenting.

I would grant the petition to rehear in this case. In my view a motion to alter or amend is not the same as a motion for a new trial. T.R.C.P. 59 which deals with motions for a new trial is similar to and patterned after Rule 59 of the Federal Rules of Civil Procedure. It is the settled federal rule that unless a motion for a new trial is granted by the trial court on its own motion, or is prayed for by one of the parties within the ten-day period provided in that rule so to do that the trial court has lost jurisdiction to grant a new trial. *Peterman v. Chicago Rock Island and Pacific Railroad Co.*, 439 F.2d 88 (8th Cir. 1974); *Lapiczak v. Zaist*, 451 F.2d 79 (2nd Cir. 1971).

T.R.C.P. 59 clearly differentiates between a "Motion for a New Trial" and a "Motion to Alter or Amend Judgment." Obviously, the purpose of the former is to, in effect, start the trial proceeding anew, while the purpose of the latter is to modify in some respect actions previously taken by the court without returning to "square one." Therefore, I don't believe the filing of a Motion to Alter or Amend by itself preserves in the trial court jurisdiction to order a new trial.

T.R.C.P. 59.04 provides as follows:

*On Initiative of court.—Within thirty (30) days after entry of judgment the court on its own initiative may alter or amend the judgment, or the court may order a new trial for any reason for which it might have granted a new trial on motion of a party where no such motion has been filed. After giving the*

parties notice and opportunity to be heard, the court may grant a motion for a new trial, timely filed and served, for reasons not stated in the motion. In either case, the court shall specify in its order the grounds for its action. (Emphasis supplied.)

The only difference in T.R.C.P. 59.04 and its federal counterpart, F.R.C.P. 59(d), is the time period provided, an additional twenty days being allowed in Tennessee. I believe that the trial judge lost jurisdiction to order a new trial at the conclusion of thirty days when there was filed no motion therefor or no action of the court on its own motion to that effect.

Except for my disagreement on the jurisdiction question I wholeheartedly concur with my brethren as to any future proceedings in the matter.