**CONTINENTAL CASUALTY COMPA-
NY, Plaintiff-Appellee,**

v.

**Mary Louise SMITH, et al.,
Defendants-Appellants.**

Supreme Court of Tennessee,
at Nashville.

Nov. 10, 1986.

W.W. McNeilly, Jr., John B. Carlson, Nashville, for plaintiff-appellee.

Douglas E. Jones, Nashville, Wayne B. Glasgow, Jr., Franklin, for defendants-appellants.

## OPINION

BROCK, Chief Justice.

The subject of this appeal is a Rule 60, Tenn.R.Civ.P., motion to amend a final order previously rendered. The trial court granted the motion and replaced every reference to "Nashville Cotton Oil Mill Corporation" with "Nashville Cotton Oil Mill Corporation and/or Nashville Oil Mill Corporation." We now affirm the trial court's decision.

Nashville Cotton Oil Mill Corporation [NCOMC] was in the cotton seed business for a number of years until 1969 when it sold its assets to Nashville Oil Mill Corporation [NOMC]. At that time, NCOMC ceased normal operations and NOMC began to conduct business at the same location formerly used by NCOMC. Although NCOMC no longer functioned as a business, it continued its corporate existence solely for the purpose of collecting accounts receivable until August 1976 when it filed formal articles of dissolution.

On numerous occasions after NOMC's purchase of NCOMC, parties mistakenly referred to the new company as NCOMC. For example, NCOMC was the name erroneously listed in certain correspondence, in the local phone directory, in purchase confirmations, in a sewer use ordinance, and on signs at the work site. Also, when NOMC purchased workers' compensation insurance in 1981, the insuror, Continental Casualty, erroneously designated NCOMC as the named insured. Likewise, in filing evidence of this insurance with the Division of Workers' Compensation, the insurance

company again listed NCOMC as the insured. However, because the Division cross-indexed NCOMC with NOMC, eight NOMC employees subsequently were able to receive workers' compensation benefits in spite of the fact that NCOMC was incorrectly listed as the insured employer.

On May 16, 1985, Luzell Smith died in an accident that arose out of and in the course of his employment with NOMC. As a result of this accident, Continental Casualty, the insuror under the workers' compensation policy; sought a judicial determination of the amount to be paid to Mr. Smith's heirs. In that original lawsuit, both the complaint and the answer maintained that Mr. Smith had been employed by NCOMC. Accordingly, when the trial court awarded workers' compensation benefits to Mr. Smith's heirs, the September 6, 1985 final order named NCOMC as Mr. Smith's employer.

■ On December 11, 1985, Mr. Smith's heirs filed a second suit against NOMC seeking recovery for Mr. Smith's death under a common law negligence theory. On January 14, 1986, Continental Casualty filed a motion to amend the employer's name on the September 6 final order from NCOMC to NOMC. In granting this Rule 60 motion, the trial court amended the employer's name on the final order to read "Nashville Cotton Oil Mill Corporation and/or Nashville Oil Mill Corporation which are one and the same so far as being classified the employer of Luzell Smith." Because this Court agrees that NCOMC and NOMC are one entity for the purposes of the present lawsuit, we are inclined to uphold the trial court's amendment to the September 6 final order.

■ The trial judge's findings indicate that he relied on Rule 60.02(5), Tenn.R. Civ.P., in granting Continental Casualty's motion to amend. Rule 60.02(5) states:

*Mistakes-Inadvertence-Excusable Neglect-Fraud, etc.*—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons ...

(5) any other reason justifying relief. from the operation of the judgment.

However, since the amendment does not relieve Luzell Smith's employer from the workers' compensation benefits awarded in the judgment, we find that a better basis for the amendment is Rule 60.01, Tenn.R. Civ.P. This rule, which deals with clerical errors, provides the following:

*Clerical Mistakes*—Clerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders.

Rule 60.01 is designed to afford relief in cases in which the judgment or order, either standing alone or when viewed in connection with other portions of the record, shows facial errors arising from oversight or omission. *Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn.1976). This rule, like its federal counterpart, Fed.R.Civ.P. 60(a), should be applied to strike a proper balance between the competing principles of finality and justice. *See id.*

■ Because our Rule 60 is virtually identical to Federal Rule 60, decisions applying the federal rule provide useful guidance for the present case. For example, *Flouro Electric Corporation v. Branford Associates,* 489 F.2d 320 (2d Cir.1973) is particularly persuasive authority for upholding the amended judgment in the case at bar. In *Flouro Electric,* the plaintiff who had been awarded a breach of contract judgment against "Branford Associates, a corporation," sought to levy execution of the judgment through the United States Marshall. Because the Marshall's levy was against "Branford Associates, a Corporation, a/k/a Branford Developers, Inc.," a bank holding an account in the name of "Branford Associates" requested clarification before releasing any funds from the account. In response, the plaintiff filed a Rule 60 motion which the court granted by deleting the words "a corporation" from

the defendant's name in the judgment. On appeal, the Court of Appeals noted that only one group of men had contracted with the plaintiff and that the plaintiff sought to hold that group liable, regardless of their corporate or non-corporate status. *Id.* at 325. Therefore, the Court of Appeals upheld the amendment of the defendant's name in the judgment on grounds that it was a proper correction of a misnomer under Federal Rule 60(a). *Id.* at 326.

Similarly, in the present case the trial court's amendment of the employer's name in the judgment was a proper correction of a misnomer under Tennessee Rule 60.01. Since Mr. Smith's heirs have been seeking recovery from Smith's employer, regardless of the employer's actual name, the trial judge correctly amended the previous workers' compensation judgment to include both NCOMC and NOMC as the named employer. As we stated in *McAlister v. Methodist Hospital of Memphis*, 550 S.W.2d 240, 246 (Tenn.1977), "[t]he employer is the employer; not some person other than the employer. It is that simple. The injured workman is confined to the benefits provided by the Workman's Compensation Act and may not sue his employer in tort." The present case is also that simple. While Smith's family are entitled to the workers' compensation benefits which they have already received, they are not entitled to anything more. Thus, the trial court's amendment appropriately precludes the Smiths from suing NOMC a second time for common law negligence, and it precludes them from recovering twice for the same accident.

■ Finally, having found that the trial court's amendment was appropriate under Rule 60.01, Tenn.R.Civ.P., we deem it unnecessary to discuss the other grounds upon which the trial court based its ruling. Suffice it to say that this Court will affirm a decree correct in result, but rendered upon different, incomplete, or erroneous grounds. *Hopkins v. Hopkins,* 572 S.W.2d 639, 641 (Tenn.1978).

For the reasons discussed above, we find that the trial judge did not abuse his discretion in amending the September 6, 1985 final order and we affirm his decision.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.