# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON

### IN RE DeANDRE C. ET AL.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**Nos. CT-002917-09 & CT-002918-09      Karen R. Williams, Judge**

---

**No. W2011-00037-SC-R11-JV - Filed January 19, 2012**

---

This appeal involves the status of six children between the ages of four and fourteen who had been in the custody of their biological mother. After one of the children was severely injured, the Shelby County Juvenile Court determined that all six children are dependent and neglected. The juvenile court also determined not only that the injured child but also the other five children are victims of severe child abuse. The children's biological mother perfected a de novo appeal to the Circuit Court for Shelby County. The trial court likewise found that all six children are victims of severe child abuse and are dependent and neglected. The Court of Appeals affirmed. *Harris v. Tennessee Dep't of Children's Servs.*, No. W2011-00037-COA-R3-JV, 2011 WL 3890341 (Tenn. Ct. App. Sept. 6, 2011). The biological mother filed a Tenn. R. App. P. 11 application taking issue with the sufficiency of the evidence to support the findings that the children are dependent and neglected and that they are victims of severe child abuse. In its response, the Department conceded that the evidence is not sufficient to support a finding that the five uninjured children are victims of severe child abuse. Having determined that no further briefing or argument is necessary for the disposition of this matter, we grant the biological mother's application for permission to appeal and find (1) that the injured child is a victim of severe child abuse, (2) that the evidence does not support the lower courts' conclusion that the remaining five uninjured children are also victims of severe child abuse, and (3) that the evidence demonstrates clearly and convincingly that all six children are dependent and neglected.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed in Part and Reversed in Part

WILLIAM C. KOCH, JR., J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., JANICE M. HOLDER, GARY R. WADE, and SHARON G. LEE, JJ., joined.

Andrew L. Wener, Memphis, Tennessee, for the appellant, Danielle H.

Robert E. Cooper, Jr., Attorney General and Reporter; Bill Young, Solicitor General; and Joshua Davis Baker, Assistant Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

## MEMORANDUM OPINION[1]

### I.

Danielle H. is the biological mother of eight children. This proceeding involves six of the children who are now between the ages of four and fourteen. In July 2008, Derrix C., one of the younger children, was injured while in his mother's custody. The injuries were so profound that they left the child blind and unable to speak or walk. In October 2008, Danielle H. was indicted for aggravated child neglect and endangerment and for aggravated abuse of a child under eight years old.[2]

In December 2008, the Department of Children's Services ("Department") filed a petition in the Shelby County Juvenile Court requesting that the children be declared dependent and neglected. In an order filed on July 7, 2009, the juvenile court determined that all the children were dependent and neglected in accordance with Tenn. Code Ann. § 37-1-102(b)(12)(F) (Supp. 2011)[3] and Tenn. Code Ann. § 37-1-102(b)(12)(G).[4] The juvenile court also determined that all the children "are victims of severe abuse . . . as a result of the severe physical abuse of [Derrix C.], by the mother."

Danielle H. appealed both findings to the Circuit Court for Shelby County. During a hearing on November 9, 2010, Danielle H.'s lawyer stipulated that the children are dependent and neglected.[5] In an order filed on November 10, 2010, the circuit court, citing Tenn. Code Ann. § 37-1-102(b)(12)(F), found that the six children are dependent and

---

[1]In accordance with Tenn. Sup. Ct. R. 4(A)(2), we designate this opinion as "Not For Publication."

[2]On August 10, 2010, Danielle H. pleaded guilty to aggravated assault of a child and was sentenced to six years in prison.

[3]Tenn. Code Ann. § 37-1-102(b)(12)(F) provides that a child may be considered dependent and neglected if the child "is in such condition of want or suffering or is under such improper guardianship or control as to injure or endanger the morals or health of such child or others."

[4]Tenn. Code Ann. § 37-1-102(b)(12)(G) provides that a child may be considered dependent and neglected if the child "is suffering from abuse or neglect."

[5]The lawyer informed the trial court: "We'll stipulate to dependency and neglect, I guess you can call it, if you can call it anything, for lack of a better term, ordinary child abuse."

neglected "on the basis of the severe injuries Derrix suffered in the custody of his mother." The court also concluded that the children are victims of severe child abuse based on the "knowing exposure of a child to or failing to protect a child from abuse or neglect that is likely to cause great bodily harm or death."

The Court of Appeals affirmed the circuit court's finding that Derrix C. is the victim of severe child abuse. *Harris v. Tennessee Dep't of Children's Servs.*, 2011 WL 3890341, at *5-6. The appellate court also concluded that the remaining five children are victims of severe child abuse because they were witnesses to Derrix C.'s abuse and because the "[m]other was capable of inflicting such abuse." Based on these findings, the Court of Appeals also affirmed the finding that all six children are dependent and neglected in accordance with Tenn. Code Ann. § 37-1-102(b)(12)(F). *Harris v. Tennessee Dep't of Children's Servs.*, 2011 WL 3890341, at *5-6.

Danielle H. filed a Tenn. R. App. P. 11 application for permission to appeal to this Court, and the Department filed its response. In light of the record on appeal, both the petition and the response sufficiently delineate the issues to be decided and set out the parties' arguments on these issues. Because Tenn. R. App. P. 1 encourages appellate courts to provide a "just, speedy, and inexpensive determination of every proceeding on its merits," we have elected to invoke our power under Tenn. R. App. P. 2 to suspend the rules requiring further briefing and oral argument in order to address the merits of Danielle H.'s application on its merits.

## II.

Danielle H. insists on this appeal that the Department did not present clear and convincing evidence that her children are victims of severe child abuse. Despite her stipulation in the trial court, she also insists that the record does not contain clear and convincing evidence that the children are dependent and neglected. In order for evidence to be considered clear and convincing, it must eliminate any serious or substantial doubt about the conclusions to be drawn from the evidence. *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). Whether evidence is clear and convincing is a question of law that reviewing courts must review de novo without a presumption of correctness. *See In re Adoption of A.M.H.*, 215 S.W.3d 793, 810 (Tenn. 2007).

The evidence in this record establishes clearly and convincingly that Derrix C. is the victim of severe child abuse. With regard to the remaining five children, the Department has correctly conceded that it "is unaware of any statute pertinent to a dependency-and-neglect proceeding that supports a finding of severe abuse based solely upon a child's presence in the home at the time a sibling is severely abused" and that the record "does not contain

sufficient evidence that [Danielle H.] subjected [the remaining five children] to severe abuse." Based on our de novo review of the record, we concur with the Department and, therefore, find that the record contains clear and convincing evidence only to support the finding that Danielle H. severely abused Derrix C. and that the record does not contain clear and convincing evidence that Danielle H. severely abused the remaining five children.

The fact that the record does not contain clear and convincing evidence that Danielle H. severely abused the remaining five children does not necessarily undermine the findings of the lower courts that all six children are dependent and neglected under Tenn. Code Ann. § 37-1-102(b)(12)(F).[6] The fact that Danielle H. has been found to have severely abused one of her children supports the conclusion that the other children remaining in her custody are in danger of being subjected to similar abuse and, therefore, that they are dependent and neglected under Tenn. Code Ann. § 37-1-102(b)(12)(F). A parent's severe abuse of one child relieves the Department of its obligation to reunite the parent with the abused child or any of the child's siblings. Tenn. Code Ann. § 37-1-166(g)(4)(A) (2010); *see also* Tenn. Code Ann. § 36-1-102(9) (2010) ("Aggravated circumstances" includes aggravated assault.).

## III.

Based upon our de novo review of the record, we affirm the lower courts' conclusion that the record contains clear and convincing evidence that Danielle H. severely abused Derrix C. Even though the record does not contain clear and convincing evidence that Danielle H. severely abused the remaining five children, we affirm the lower courts' finding that all six children are dependent and neglected under Tenn. Code Ann. § 37-1-102(b)(12)(F). The case is remanded to the juvenile court for any further proceedings that may be required, and the costs of this appeal are taxed to the Department of Children's Services.

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[6]This Court may affirm the judgment on grounds different from those relied upon by the lower courts when the lower courts have reached the correct result. *State v. Hester*, 324 S.W.3d 1, 21 n.9 (Tenn. 2010); *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Hopkins v. Hopkins*, 572 S.W.2d 639, 641 (Tenn. 1978).